IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRIS ZIMPFER,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>ARAMARK MANAGEMENT SERVICES, LP,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br>Case No. 2:10-CV-1236 TS |

I. INTRODUCTION

The Court has before it Defendant ARAMARK Management Services, LP's ("ARAMARK") Motion to Dismiss Plaintiff Chris Zimpfer's ("Plaintiff" or "Mr. Zimpfer") Complaint pursuant to Fed.R.Civ.P. 12(b)(6).[1] Plaintiff's Complaint brings a single cause of action for unlawful retaliatory discharge under Title VII.[2] ARAMARK contends that Plaintiff's Complaint fails to plead a prima facie case for relief under Title VII for retaliation. Specifically,

---

[1] Docket No. 7.

[2] 42 U.S.C. § 2000e, et seq.

1

Aramark contends that Plaintiff's retaliation claim fails because (1) Plaintiff has failed to allege that he sufficiently conveyed an opposition to an alleged discriminatory practice to ARAMARK and (2) Plaintiff could not have held a good faith, reasonable belief that the conduct he opposed constituted a violation of Title VII.[3]

For the reasons discussed below, the Court agrees that Plaintiff could not have held a good faith, reasonable belief that the conduct he opposed constituted a violation of Title VII. As this finding necessarily disposes of the Motion in favor of ARAMARK, the Court will not address ARAMARK's remaining arguments.

## II. BACKGROUND

The following facts are from Plaintiff's Complaint and are taken as true for purposes of deciding ARAMARK's Motion.[4]

Mr. Zimpfer was hired by ARAMARK on September 9, 2008, as a grounds worker. As part of his duties, he was to collect garbage from the grounds assigned to him.

On December 26, 2008, Plaintiff and his co-worker, Mr. Derbidge, went to the Janitorial Office / Maintenance Supply Closet to obtain garbage bags. When they arrived at the closet, however, they found that the closet door was locked—which was allegedly uncustomary as it was

---

[3]Docket No. 8, at 2. ARAMARK also contends that Plaintiff's allegations based on the "participation clause" of section 704(a) should likewise be dismissed. Plaintiff concedes this point in his opposition, see Docket No. 11, at 1 n.1, and the Court will, therefore, not address these arguments.

[4]See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (noting that in deciding a 12(b)(6) motion to dismiss, "[a]ll well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party") (internal citations omitted)).

to remain unlocked during business hours. Mr. Derbidge unlocked the door with his key and, much to Plaintiff's and his surprise, found the housekeeping supervisor and one of the housekeeping workers engaged in sexual activity. The housekeeping supervisor allegedly slammed the door shut and, around two minutes later, re-opened the door and allowed Plaintiff and Mr. Derbidge to enter the closet and obtain garbage bags.

Plaintiff alleges that he and Mr. Derbidge later reported the incident to the Facility Manager, Tim Jorgensen, but that Mr. Jorgensen never contacted Plaintiff or any other employee to further investigate the incident and took no action against either the housekeeping supervisor or the housekeeping worker. Plaintiff later reported Mr. Jorgensen's handling of the incident to ARAMARK's Human Resources department.

Plaintiff alleges that months later, ARAMARK retaliated against him for making these two complaints when: (1) Mr. Jorgensen's assistant asked Plaintiff for a valid driver's license; (2) Mr. Jorgensen informed Plaintiff that he needed a valid driver's license; and (3) ARAMARK terminated Plaintiff's employment for falsifying his employment application and failing to provide a copy of a valid driver's license.

Plaintiff filed suit on December 14, 2010, alleging a single cause of action for unlawful retaliatory discharge under Title VII.[5]

### III. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

---

[5] 42 U.S.C. § 2000e, et seq.

3

light most favorable to Plaintiff as the nonmoving party.[6] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[7] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[8] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[9] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[11] "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[12]

---

[6]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[7]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[8]*GFF Corp.*, 130 F.3d at 1384.

[9]*S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[10]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[11]*Twombly*, 550 U.S. at 547.

[12]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

4

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*:[13]

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[14]

IV. DISCUSSION

To state a prima facie claim for retaliation under Title VII, Plaintiff must allege: "(1) he engaged in protected opposition to discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action."[15] To engage in protected opposition to discrimination, Plaintiff must have "a reasonable,

---

[13]129 S.Ct. 1937 (2009).

[14]*Id*. at 1949-50 (internal quotation marks and citations omitted).

[15]*O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001).

5

good-faith belief that the underlying conduct that [he] opposed violated Title VII."[16] Thus, not only must Plaintiff subjectively believe to be reporting protected conduct, this belief must be objectively reasonable.[17] Although a retaliation claim need not be based on opposition to an *actual* violation of Title VII,[18] the Court nonetheless must evaluate "[t]he objective reasonableness of an employee's belief that her employer has engaged in an unlawful employment practice . . . against existing substantive law."[19]

Plaintiff alleges that ARAMARK violated Title VII by terminating his employment in retaliation of his opposition to momentarily viewing co-workers engaged in sexual activity, in a location he needed to access to perform his duties as a grounds worker. Plaintiff maintains that he had a reasonable, good faith belief that this conduct he opposed amounted to sexual harassment.

"[S]exual harassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment."[20] To make this determination, the Court must to look at the totality of the circumstances,

---

[16] *Oliver v. Peter Kiewit & Sons/Guernsey Stone*, 106 Fed. Appx. 672, 2004 WL 1771570, at *2 (10th Cir. Aug. 9, 2004) (citing *Crumpacker v. Kan. Dep't of Human Res.*, 338 F.3d 1163, 1171 (10th Cir. 2003), *cert. denied*, 540 U.S. 1180 (2004)).

[17] *Dockery v. Unified Sch. Dist. No. 321*, 382 F. Supp. 2d. 1234, 1242 (D. Kan. 2005).

[18] *Crumpacker*, 338 F.3d at 1171 n.5.

[19] *Clover v. Total Sys. Serv., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (evaluating the reasonableness of a plaintiff's retaliation claim against existing law).

[20] *Breeden*, 532 U.S. at 270 (internal quotation marks and citations omitted).

"including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[21]

ARAMARK maintains that Plaintiff could not have possessed an objectively reasonable belief that the incident of sexual activity Plaintiff had observed constituted a violation of Title VII's prohibition on sexual harassment. In support of this contention, Plaintiff cites to *Dockery v. Unified School District No. 231*.[22] There, the court dismissed the plaintiff's retaliation claim because the former school janitor did not have a reasonable, good faith belief that he was the victim of sexual harassment where he allegedly observed a movie containing sexual activity playing in a teacher's classroom.[23] The court found that "[t]his one incident falls far short of the circumstances in which the Tenth Circuit has found sexual discrimination based upon a single incident."[24]

The Court finds the reasoning of *Dockery* persuasive and that a similar result is required in the instant action. Like the plaintiff in *Dockery*, Mr. Zimpfer complained of one isolated instance of sexual activity which he found offensive. Although the Court certainly appreciates the difference between viewing sexual activity on a television screen and the circumstances presented in this case, the Court is mindful of the Supreme Court's caution that "isolated

---

[21] *Id.* at 270-71 (internal quotation marks and citations omitted).

[22] 382 F. Supp. 2d. at 1238, 1242-43.

[23] *Id.* at 1243.

[24] *Id.* (citing cases).

incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"[25] The Tenth Circuit has further elaborated on this limitation, explaining that "an isolated incident may suffice if the conduct is severe and threatening."[26] Comparing the isolated incident presented in this action with those in which the Tenth Circuit has found sufficiently serious to warrant a sexual harassment claim,[27] the Court finds that the incident alleged in the present action falls far short of this standard and concludes that no reasonable person could believe that the incident was sufficiently severe to support a claim of sexual harassment.

The Court's conclusion is not altered by Plaintiff's citation to the Tenth Circuit's unpublished decision *Oliver v. Peter Kiewit & Sons/Guernsey Stone*.[28] In *Oliver*, the plaintiff alleged that she was laid off in retaliation of her report to a supervisor that she found a cucumber placed in a cap in the lunchroom, arranged in such a way that she believed "it had a sexual (i.e., phallic) connotation."[29] The Tenth Circuit noted that in isolation, "we might have difficulty saying that one could reasonably believe that the 'cucumber in a cap' incident was a violation of

---

[25] *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998).

[26] *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1243 (10th Cir. 2001).

[27] *Id.* at 1243-44 (finding an isolated incident of sexual assault—which was "objectively abusive, dangerous, and humiliating" and so traumatic plaintiff was "unable to work thereafter"— sufficient to support a jury finding of sexual harassment); *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1072 (10th Cir. 1998) (finding an isolated incident—where a male customer grabbed the female plaintiff by the hair, grabbed her breast, and placed his mouth on it—sufficient to support a jury finding of sexual harassment).

[28] 106 Fed. Appx. 672, 2004 WL 1771570.

[29] *Id.* at *2.

Title VII."[30] In context, however, the court found that the same week as the reported incident, the plaintiff had witnessed one of her co-employees "pick[] up a cucumber and [make] an obscene stroking gesture with it in front of a female co-employee, asking her 'how would you like that under the table?'."[31] The Court held that while viewing these instances in isolation would not amount to a violation of Title VII, plaintiff had demonstrated that she reasonably believed that the cucumber incident was an act of sexual harassment.

The Court finds the *Oliver* decision distinguishable from the present action. In *Oliver*, the plaintiff observed two instances in the same week where male employees had subjected female employees, including herself, to obscene and suggestive conduct. Although the *Oliver* decision is unclear whether plaintiff believed that those incidents were directed at her personally, the repeated use of a phallic object by male employees in the presence of female employees implies that they were sexually suggestive actions aimed at the female employees generally. Given the suggestive content of those incidents, occurring in close temporal proximity to each other, a reasonable person could conclude that the harassment was sufficiently pervasive to give rise to a sexual harassment claim.[32]

By contrast, the isolated incident in the present action cannot be reasonably construed to support a pervasive sexual harassment claim. The *Oliver* plaintiff encountered an environment where she witnessed two instances of sexually suggestive and demeaning jokes, directly relating

---

[30]*Id.*

[31]*Id.*

[32]*See Smith v. NW Fin. Acceptance, Inc.*, 129 F.3d 1408, 1413-15 (10th Cir. 1997) (distinguishing between severe harassment claims and pervasive harassment claims).

9

to her status as a woman.  In the present action, Mr. Zimpfer stumbled upon two persons engaged in sexual activity, which was not directed at him or his status as a man.  While the Court can understand how the *Oliver* court could generously construe plaintiff's allegations to support a reasonable belief of pervasive sexual harassment, the Court cannot extend that reasoning to the present action.

Based on the foregoing, the Court finds that no reasonable person could believe that the incident opposed by Plaintiff constituted a violation of Title VII.  Because of this finding, the Court finds that Plaintiff's remaining arguments fail.  The Court will, therefore, grant ARAMARK's Motion to Dismiss.

## V.  CONCLUSION

It is therefore

ORDERED that Defendant ARAMARK's Motion to Dismiss (Docket No. 7) is GRANTED.

The Clerk of the Court is directed to close this case forthwith.

DATED   June 24, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge